UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOIVO L. REDDITT,

    Plaintiff,

    v.

SU NAM LEE,

    Defendant.

Case No. C06-486RSL

ORDER TO SHOW CAUSE

    This matter comes before the Court *sua sponte*. Plaintiff Toivo Redditt, who is proceeding *pro se*, has filed a complaint for non payment of child support. It appears that plaintiff's complaint should be dismissed for two reasons.

    First, plaintiff alleges claims under 18 U.S.C. § 228, 28 U.S.C. § 1738A, and various subsections of 28 U.S.C. § 1738B. Those statutes, however, do not provide for a private cause of action. See, e.g., Salahuddin v. Alaji, 232 F.3d 305 (2d Cir. 2000) (holding that 18 U.S.C. § 228, a criminal statute, does not include a private right of action); Thompson v. Thompson, 798 F.2d 1547 (9th Cir. 1986) (holding that the Parental Kidnaping Prevention Act, 28 U.S.C. § 1738A, created no federal cause of action enforceable in federal court). Accordingly, it appears that plaintiff's complaint fails to state a cause of action for which relief can be granted.

    Second, the allegations of the complaint raise issues that appear to fall squarely within the domestic relations exception to federal jurisdiction. As the Ninth Circuit has explained,

ORDER TO SHOW CAUSE- 1

> "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 383 (1930) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)). In keeping with this principle, "federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." Buechold v. Ortiz, 401 F.2d 371, 372 (9th Cir. 1968); see also Csibi v. Fustos, 670 F.2d 134, 137-38 (9th Cir. 1982). Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters. See, e.g., Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir. 1981); Bergstrom v. Bergstrom, 623 F.2d 517, 520 (8th Cir. 1980); Huynh Tri Anh v. Levi, 586 F.2d 625, 632-34 (6th Cir. 1978); Hernstadt v. Hernstadt, 373 F.2d 316, 318 (2d Cir. 1967).

Thompson, 798 F.2d at 1558. "The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate." Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (quoting Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983)).

Accordingly, plaintiff is ordered to SHOW CAUSE, within thirty days of the date of this order, why the complaint should not be dismissed for failure to state a claim for which relief can be granted, or alternatively, why this Court should not decline to exercise jurisdiction over the matter. Specifically, plaintiff must assert a claim for which relief can be granted. If plaintiff is asserting wrongs that would not require this Court to interfere with the state's child support determinations, plaintiff must state the facts (such as the nature and effect of defendant's conduct) giving rise to those claims. Failure to adequately respond may result in the dismissal of plaintiff's case without prejudice.

The Clerk of the Court is directed to place this order to show cause on the Court's

ORDER TO SHOW CAUSE- 2

1 | calendar for May 24, 2006.

3 | DATED this 19th day of April, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

28 | ORDER TO SHOW CAUSE- 3